UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARSHELL CLARK** *Plaintiff,* v. **WALMART SUPERCENTER** *Defendant.* | **CIVIL ACTION NO. 2:23-cv-00502** **JUDGE:** **HON. BARRY W. ASHE** **MAGISTRATE:** **HON. KAREN WELLS ROBY** |

## <u>*EX PARTE* AMENDED NOTICE OF REMOVAL</u>

**TO:** The Honorable Judges
of the United States District Court
for the Eastern District of Louisiana

Defendant, Wal-mart Louisiana, LLC (improperly named in Plaintiff's Petition as "Walmart Supercenter" and herein after referred to as "Walmart") files this Amended Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby removes this matter from the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

1. Plaintiff filed her Petition for Damages on November 17, 2022, against Walmart. (*See* Plaintiff's Petition for Damages, attached hereto and marked for identification as Exhibit "A").

2. Walmart was served through its agent for service of process, CT Corporation, with a copy of the Citation and Petition on December 8, 2022. (*See* CT Corporation Service of Process Transmittal Notice and Citation, attached hereto *in globo* and marked for identification as Exhibit "B").

3. The suit seeks damages from Walmart for personal injuries and damages allegedly sustained by the plaintiff as a result of an incident that occurred at a Walmart store located in Houma, Louisiana, on or about December 6, 2021.

4.  Plaintiff's Petition for Damages is silent as to the amount in controversy.

## I. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.

5.  28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States."

### A. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.

6.  The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000.00 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

7.  On January 18, 2023, Plaintiff's counsel provided undersigned counsel with Plaintiff's discovery responses, which included a set of the Plaintiff's medical records.

8.  Of note, these medical records include findings of disc bulges in the lumbar spine at L3-4, L4-5, and L5-S1. The medical records also show that the Plaintiff has already undergone one epidural steroid injection to L4-5 on January 5, 2023, is presently treating with an orthopedist, and has already treated at least once with a neurosurgeon in March of 2022.

7.  On January 19, 2023, Plaintiff's counsel sent undersigned counsel a settlement demand letter for $175,000.00, noting that Plaintiff has now been recommended for injections and surgical intervention for her alleged ailments.

8.  In Louisiana, trial courts regularly award general damages in excess of $75,000 for the

ailments and treatments described in Plaintiff's settlement demand letter, discovery responses, and accompanying medical records. *See Miles v. Cummings*, 673,289 c/w 676,834 (19th JDC 09/24/20) (awarding $90,000 in general damages to a plaintiff who suffered disc bulges at L4-5 and L5-S1 following a motor vehicle accident, treated with epidural steroid injections and chiropractic care); *Untereiner v. United Services Automobile Association*, 2016-12194 (22nd JDC 11/27/18) (awarding $125,000 in general damages for herniations in the spine, requiring an ESI); *Lachney v. Scarbrough*, 265,334 (9th JDC 06/10/22) (awarding $75,000 in general damages for disc bulging); *Trahan v. Liberty Mutual Ins. Co.*, 2016-3603 (15th JDC 10/10/19) (awarding $75,000 in general damages for a disc herniation, treated with ESI).

9. Plaintiff's Petition for Damages does not offer a binding stipulation that Plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant to *Davis v. State Farm*, No. 06-560, slip op. (E.D. La. June 7, 2006).

10. While Walmart admits no liability, nor any element of damages, Walmart has met its burden of showing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($75,000.00), exclusive of interest and costs.

### B. COMPLETE DIVERSITY

11. Defendant, Wal-Mart Louisiana, LLC, is a Delaware limited liability company. The principal place of business is Bentonville, Arkansas. The sole member of Wal-Mart Louisiana, LLC is Wal-Mart Stores East, LP. Wal-Mart Stores East, LP is a Delaware limited partnership, of which WSE Management, LLC is the sole general partner and WSE Investment, LLC is the sole limited partner. Both WSE Management, LLC and WSE Investment, LLC are Delaware limited liability companies and with principal places of business in Arkansas. The sole member of both WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East,

LLC. Wal-Mart Stores East, LLC is an Arkansas limited liability company with its principal place of business in Arkansas. The sole member of Wal-Mart Stores East, LLC is Walmart Inc. Walmart Inc. is a Delaware corporation with its principal place of business in Arkansas which is a publicly held company. No publicly traded entities hold 10% or more of the outstanding shares of Walmart Inc.

12. Plaintiff is a resident of and domiciled in the Parish of Terrebonne, State of Louisiana.

13. Accordingly, there is complete diversity of citizenship between the Plaintiff and the Defendant.

14. This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, evidenced by Plaintiff's discovery responses, medical records, and settlement demand letter, exceeds SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($75,000.00), exclusive of interest and costs, and complete diversity exists between the adverse parties.

## II. **WALMART HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

15. "If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or **other paper** from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C, § 1446 (b)(3) (**Emphasis** added).

16. Here, Plaintiff's Petition for Damages is silent as to the value of plaintiff's damages and/or the amount in controversy; however, "other paper" shows that the amount in controversy here exceeds the sum or value of SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS

($75,000.00).

17. "The plain language of the second paragraph of § 1446(b) requires that if an "other paper" is to start the thirty-day time period, a defendant must receive the "other paper" after receiving the initial pleading." *Cutrer v. State Farm Mut. Automobile Ins. Co.*, CV 20-2919, 2021 WL 22149, at *3 (E.D. La. Jan. 4, 2021) (explaining that "[t]he medical records, bills, and demand letters provided before suit was filed on January 8, 2020, did not trigger the thirty-day period for removal") ((citing and quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992)).

18. But, "[t]he 30 day period in no event begins to run prior to service of process on the defendant." *Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 390 n. 12 (5th Cir.2000). Particularly, removal does "by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999)

19. Here, Walmart was served with the Citation and Petition through its agent for service of process, CT Corporation Systems, on December 8, 2022.

20. Although the Plaintiff's Petition included no information indicating that the case value exceeds $75,000, the Plaintiff's *post-suit* discovery responses, accompanying medical records, and settlement demand received on January 18 and 19, 2023, provided sufficient information to place the amount in controversy in excess of $75,000. Particularly, these *post suit* "other papers" detailed Plaintiff's diagnoses and medical treatment, which – taken together – firmly place the amount in controversy above the jurisdictional threshold set forth in 28 U.S.C. 1332.

21. This Notice of Removal is being filed within thirty (30) days after first receipt by Walmart of the Plaintiff's *post-suit* discovery responses and medical records on January 18, 2023, and *post-suit* settlement demand on January 19, 2023. Therefore, this Notice of Removal is timely.

22. Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($75,000.00), exclusive of interest and costs, and is between citizens of different States.

23. The 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

24. No previous application has been made by Walmart in this case for the relief requested herein.

25. Walmart sought leave from this Court to amend its Notice of Removal to identify Walmart's proper entity name. On May 1, 2023, Plaintiff's counsel indicated he has no objections to the filing of this amended Removal.

26. Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition is attached hereto as Exhibit "A." Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for plaintiff, and a copy is being filed with the Clerk of Court for the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana.

27. Defendant, Wal-Mart Louisiana, LLC is entitled to a **trial by jury** of all issues herein.

WHEREFORE, Defendant, Wal-Mart Louisiana, LLC hereby removes this action from the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, to the docket of the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

/s/ Christopher James-Lomax
**ISIDRO RENÉ DEROJAS, No. 18182**
**CHRISTOPHER JAMES-LOMAX, No. 37174**
**McCRANIE, SISTRUNK, ANZELMO,**
**HARDY, McDANIEL & WELCH**
909 Poydras Street, Suite 1000
New Orleans, LA   70112
Telephone:  (504) 831-0946
Facsimile:  (800) 977-88210
ird@mcsalaw.com
cjl@mcsalaw.com
dtm@mcsalaw.com
***ATTORNEYS FOR DEFENDANT***

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of April, 2023, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel by operation of the court's electronic filing system.

/s/ Christopher James-Lomax